JOHNSON; Haryanti Sung, Petitioners

v.

ATTORNEY GENERAL OF the UNITED STATES; Secretary of Department of Homeland Security, Respondents.

No. 06–4578.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 15, 2008.

Filed: April 18, 2008.

Stanley J. Ellenberg, Law Offices of Stanley J. Ellenberg, Philadelphia, PA, for Petitioners.

Jeffrey L. Menkin, Paul F. Stone, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, FISHER, and MICHEL,* Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Circuit, sitting by designation.

The petitioners, Johnson[1] and his wife, Haryanti Sung, ask us to overturn the final order of the Board of Immigration Appeals that affirmed their removal to Indonesia.[2] We deny the petition.

Johnson and Sung allege that if returned to Indonesia, they will face persecution because they are Chinese Christians. The Immigration Judge found them credible but determined their asylum application was untimely, and also concluded that they had established neither past persecution nor a pattern or practice of persecuting Chinese Christians in Indonesia. The Board of Immigration Appeals affirmed.

Johnson and Sung did not present an argument to us why they are entitled to asylum or relief under the Convention Against Torture, so we will not consider those issues. As to their withholding of removal claim, their argument is that the Immigration Judge ignored relevant evidence demonstrating a pattern or practice of persecution of Chinese Christians.

We review the Board's and Immigration Judge's denial of relief under a deferential substantial evidence standard under which agency findings "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft,* 242 F.3d 477, 483–84 (3d Cir. 2001). Having reviewed the record and the Immigration Judge's decision, we are satisfied that he reviewed the relevant evidence. *See* A.R. 92–95 (reviewing reports). An Immigration Judge "need not discuss each and every piece of evidence presented by an asylum applicant when rendering a decision, as long as that decision is substantially supported." *Yan Lan Wu v. Ashcroft,* 393 F.3d 418, 425 n. 10 (3d

Cir.2005). Further, the evidence here does not compel a conclusion that there is a pattern or practice of persecution of Chinese Christians in Indonesia. We have already held that no such pattern or practice has been established, *Lie v. Ashcroft,* 396 F.3d 530, 537 (3d Cir.2005), and our review of the more recent reports in the record reveals no reason to revisit that conclusion.

Accordingly, we deny the petition for review.

---

1. Johnson's first name is not known.

2. The parties have filed a stipulation and joint motion to supply an omission from the record. The motion is granted. *See* Fed. R.App. P. 16(b).